IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THIRD DIVISION

| | | |
|---|---|---|
| Soonan Anderson, Grant Anderson, Wind Woods Home Owners Association,<br><br>Plaintiffs,<br><br>v.<br><br>Black & Decker (U.S.) Inc.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Court File No. 00-1185 (RHK/JMM)<br><br>**STIPULATION REGARDING CONFIDENTIALITY** |

---

Plaintiffs and the defendant herein, by and through their respective attorneys of record, stipulate and agree that the Court may enter the Protective Order attached hereto.

Dated: 6/26, 2000.

ERSTAD & REIMER, P.A.

By: ______________________

Thomas H. Schaefer Atty. Reg. No. 231587
1000 Northland Plaza
3800 West 80th Street
Minneapolis, MN 55431
(612) 896-3700

ATTORNEYS FOR PLAINTIFFS

HC26DS2/ 4698/ 2658688.v1 4/15/98

FILED JUN 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

Dated: June 19, 2000.

HINSHAW & CULBERTSON

By: ______________________________

Russell S. Ponessa Reg. No. 169316
3100 Piper Jaffray Tower
222 South 9th Street
Minneapolis, MN 55402
(612) 333-3434

ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| Soonan Anderson, Grant Anderson, Wind Woods Home Owners Association,<br><br>Plaintiffs,<br><br>vs.<br><br>Black & Decker (U.S.) Inc.,<br><br>Defendant. | Court File No. 00-1185 (RHK/JMM)<br><br>**PROTECTIVE ORDER** |

Based upon the Stipulation Regarding Confidentiality executed by and between counsel for the plaintiffs and counsel for the defendant in the captioned matter (the "Stipulating Parties"), IT IS HEREBY ORDERED AS FOLLOWS:

1. This Protective Order (hereinafter "Order") shall govern and apply to documents and other writings of any type produced during discovery which contain or constitute confidential information, as well as any testimony relating to any confidential information.

2. "Confidential Information" shall mean all material or information which the producing party in good faith considers to contain or to constitute trade secrets, or other confidential research, development or commercial information which has been so designated by the producing party, and any copies, abstracts, excerpts, or summaries of such information.

3. Any person involved in the above-captioned civil action ("Civil Action") may designate as Confidential any document or material (and copies thereof) produced, furnished,



FILED JUN 26 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

authored, generated, or originated by that person, or testimony related thereto, by designating such documents, material, or testimony as "CONFIDENTIAL." Any document, material, or testimony designated as "CONFIDENTIAL" shall be deemed Confidential Information and shall be disclosed or disseminated only to "Qualified Persons" as defined herein. Qualified Persons shall keep such Confidential Information to themselves and shall not further disseminate or disclose it other than as provided herein. The provisions of this Order shall be applicable to any documents or material marked "CONFIDENTIAL," the information contained therein, testimony related thereto, and to any abstracts, summaries, or similar materials prepared from, or based upon, such documents or material which shall also be considered Confidential Information.

4. Except as hereinafter provided, Confidential Information shall be used only in this Civil Action for purposes necessary to the litigation of claims by plaintiffs and defenses of defendant. Confidential Information shall not be used for any commercial, business, competitive, or other purposes, or in or for any other judicial or administrative proceedings, disputes, or cases, unless a court order is issued to the contrary.

5. In the event a person elects to produce documents for inspection and the inspecting party desires to inspect them before designating them for copying, the producing person need not mark the documents "CONFIDENTIAL" in advance of any such inspection. For purposes of the inspection, and any subsequent inspection of the original documents, all documents produced for inspection shall be treated as if they were marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the person producing the documents may mark copies of such documents "CONFIDENTIAL" at the time the copies are produced to the inspecting party.

6. No person shall make or permit the making of more copies of any Confidential Information than are reasonably necessary for the litigation of this Civil Action.

7. Confidential Information may be disclosed only to "Qualified Persons," defined as follows:

a. The Stipulating Parties, including their respective current and former officers, directors, partners, principals, or employees who are assisting the Stipulating Parties in this Civil Action;

b. Inside or outside counsel for the Stipulating Parties in this Civil Action, including members of such attorneys' staff (e.g., paralegals, legal secretaries, and law clerks);

c. Deponents in this Civil Action;

d. Prospective witnesses who, in the judgment of counsel for a Stipulating Party, require the Confidential Information for the purpose of preparing their testimony;

e. Consultants and experts retained by the Stipulating Parties in this Civil Action to assist in this Civil Action, and their respective staff;

f. The Court and Court personnel; and

g. Court reporters selected by the parties.

8. Before counsel for a party may disclose Confidential Information to a Qualified Person (except those referred to in paragraphs 7(b), (f), and (g)) or before a Qualified Person may disclose Confidential Information to another Qualified Person (except those referred to in paragraphs 7(b), (f), and (g)), the disclosing counsel or Qualified Person shall obtain from the Qualified Person who is going to receive such Confidential Information an executed copy of the Non-Disclosure Certificate attached hereto as Exhibit "A." Counsel disclosing Confidential Information to a Qualified Person, or counsel affiliated with a Qualified Person disclosing Confidential Information to another Qualified Person, shall retain the Qualified Person's original executed Non-Disclosure Certificate pending further order of the Court or for a one-year period following the final termination of this Civil Action.

9. Before receiving any Confidential Information, a Qualified Person (except those referred to in paragraphs 7(b), (f), and (g)) shall evidence his or her agreement to be bound by the provisions of this Order by executing a copy of the Non-Disclosure Certificate attached hereto as Exhibit "A," and shall retain a copy of this Order and such executed certificate.

10. In the event a Qualified Person subject to this Order (a) is subpoenaed or served with a demand in another action, or (b) is served with any other legal process by one not a party to this Civil Action who seeks Confidential Information designated as "Confidential" or produced by someone other than the Qualified Person, then the Qualified Person shall give prompt written notice of the receipt of such subpoena, demand, or other legal process to the party or parties who produced or designated the material "Confidential," shall object to its production, and shall reasonably cooperate with the party who designated the material as "Confidential" in

resisting the efforts of the third parties to obtain such Confidential Information. Nothing herein shall be construed as requiring the Qualified Person from whom the Confidential Information is sought, or anyone else subject to this Order, to challenge or to appeal any order requiring production of the Confidential Information protected by this Order, or to subject himself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

11. Counsel for any Stipulating Party may designate deposition testimony or exhibits as Confidential Information by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as confidential. In addition, within 10 days after the receipt of the transcript of the deposition, counsel shall be entitled to designate specific pages and lines of the transcript and the exhibits as confidential. To maintain the confidentiality of any deposition testimony or exhibits designated as confidential in accordance with the terms of this Order, the parties' counsel and the court reporter who transcribes the deposition testimony shall make reasonable arrangement, which may include the making of transcript pages, covers, or exhibits, and other measures to limit the availability of Confidential Information to Persons other than Qualified Persons. However, pleadings containing brief quotations from deposition testimony need not be filed with the Court in accordance with paragraph 6 unless such pleadings otherwise contain Confidential Information.

12. No person shall attend those portions of any deposition at which Confidential Information is discussed or utilized as an exhibit, unless such person is a Qualified Person as defined herein and has executed a copy of the Non-Disclosure Certificate attached hereto as Exhibit "A," as required by paragraph 11.

13. Within 30 days of the final determination of this Civil Action, whether by judgment, settlement, or otherwise, and including any appeal from a final judgment, any person who is in possession of Confidential Information shall return such Confidential Information (except for that contained in the pleading files of counsel or counsel's work product) to the person who produced it or the person's counsel, or shall destroy it. Written confirmation of such return or destruction shall be forwarded to the person producing such Confidential Information or the person's counsel. Confidential Information contained in counsels' pleadings, files, or work product shall not thereafter be disclosed to any person or used for any purpose without a Court Order to the contrary; and, if applicable, subject to paragraph 11 of this Agreement.

14. If a document, other material, or testimony related thereto, which a person intends to designate as confidential, is inadvertently disclosed without being marked as "Confidential" in accordance with paragraph 3 of this Order, then the failure to so mark the document or other material shall not be deemed a waiver of its confidentiality. If it is understood by the person receiving the document or other material that confidential treatment was intended, then the document or other material or testimony should be treated as the person receiving it understands production was intended. When the document, material, or testimony is designated as confidential, all recipients thereof shall take prompt steps to assure that it is marked "Confidential," or returned to the person who disclosed it for confidential designation pursuant to paragraph 3 of this Order.

15. If any document or other material subject to any privilege or legal prohibition against disclosure is inadvertently disclosed to a party, then the fact of disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure. Upon

notification by the person who inadvertently disclosed such document or material, the person to whom it was disclosed shall immediately return it, including any copies thereof, to the person who inadvertently disclosed it, and shall destroy any notes or work product concerning the material; however, the return of such document or material by a party shall not be construed as an admission that a privilege with respect to such document or material in fact exists. If the person to whom such document or material was inadvertently disclosed disagrees with the other person's claim of privilege or legal prohibition against disclosure, then that person shall not use such document or material for any purpose until allowed to do so by Court order. However, the party seeking the return of the document or material shall have the burden of making the motion to establish entitlement to its return. Unless otherwise agreed, the motion shall be made within ten (10) days of the time the party who inadvertently made the disclosure first gives notice of the inadvertent production to the party to which inadvertent disclosure was made.

16. At such time as any pleading or attached exhibit is proposed to be filed under seal, the party making such filing must submit simultaneously to the Court a motion and accompanying proposed order to permit such sealing. The motion must include proposed reasons supported by specific factual representations to justify the sealing and also should explain why alternatives to sealing would not provide sufficient protection. Thereafter, the Court will not rule on the motion for at least 14 days after it is entered on the public dockets to permit the filing of objections by interested parties. Any confidential documents submitted for sealing may be temporarily sealed by agreement of the undersigned parties pending a ruling on the motion.

17. Prior to the use at any pretrial hearing in this Civil Action of any Confidential

Information, counsel who desires to use such Confidential Information shall take reasonable steps to afford opposing counsel the opportunity to object to disclosure of Confidential Information in open Court. In the event that any party wishes to challenge particular designations of confidentiality, that party may file with the Court an opposition to designation of confidentiality, with the other party provided time to respond. The burden to demonstrate confidentiality and justify designation of confidentiality under Rule 26C remains on the party seeking confidentiality.

18. This Order shall survive the final conclusion of this Civil Action and shall continue in full force and effect. The Court shall retain jurisdiction over the parties and any other person bound by this Order to enforce this Order.

19. All persons bound by this Order are hereby notified that if this Order is in any manner violated, then the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after a hearing, deems just.

20. Any of the requirements herein may be modified or waived, in whole or in part, but only in writing signed by the party or counsel of record for the party against whom such modification or waiver will be effective.

20. This Order is without prejudice to the right of any party to apply to the Court at any time for additional protection. This Order is also without prejudice to the right of any party to apply to the Court for a determination that information designated as confidential is not entitled to protection. The parties shall conference and negotiate in good faith to resolve such differences before filing a motion with the Court for protection, modification, or permission to

disclose Confidential Information in any manner or to any person(s) other than as provided herein.

22. The Clerk of Court is permitted to return to counsel or destroy any sealed material at the end of the litigation, including the conclusion of any appeals that may be taken.

Dated: June 26, 2000.

BY THE COURT:

Magistrate Judge John M. Mason
United States District Court

**EXHIBIT A**
**TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Soonan Anderson, Grant Anderson, Wind Woods Home Owners Association,<br><br>Plaintiffs,<br><br>v.<br><br>Black & Decker (U.S.) Inc.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Court File No. 00-1185 (RHK/JMM) |

I certify my understanding that my access to material designated "Confidential" is provided pursuant to the terms and restrictions of a Protective Order entered by this Court on ____________________, 2000 (the "Order"). I further certify that I have been given a copy of, and have read, the Order and agree to comply with and to be bound by its terms. I understand that the contents of any material designated "Confidential," and any notes or other memoranda or any other forms of information which copy or disclose material designated "Confidential," shall not be disclosed to anyone other than in accordance with the Order, and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Statement and the Order.

Dated: ___________________, 2000.

______________________________
Print Full Name

______________________________
Signature

Witnessed by:

______________________________
Print Full Name

______________________________
Signature

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.